**WO**                                                                                           JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Salvatore Swider, ) | No. CV 04-1856-PHX-MHM (JJM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Arizona Department of Corrections, et al., ) | |
| Defendants. ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate in the Stiner Unit of the Arizona State Prison in Buckeye, Arizona. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff has filed a copy of his trust account statement for the six month period immediately preceding the filing of his Complaint (Doc. # 4). Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1),

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

1  Plaintiff is required to pay the statutory filing fee of **$150.00.** No initial partial filing fee will
2  be assessed by this Order.  28 U.S.C. § 1915(b)(1).

3  Plaintiff will be obligated for monthly payments of 20 percent of the preceding
4  month's income credited to Plaintiff's trust account. The Court will direct the appropriate
5  agency to collect these monthly payments, which will be forwarded to the Clerk of Court
6  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
7  28 U.S.C. § 1915(b)(2).

8  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
9  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
10 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
11 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
12 he is unable to pay the remainder of the filing fee.

13 **B.     Statutory Screening of Prisoner Complaints**

14 The Court is required to screen complaints brought by prisoners seeking relief against
15 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
16 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such
19 relief.  28 U.S.C. § 1915A(b)(1), (2).

20 **C.     Claims and/or Parties to be Served and/or Dismissed**

21 *1.   Service*

22 In his Complaint Plaintiff alleges that the correction officers on duty at the Alhambra
23 facility: Quinterro, Garcia, and Flores; all refused to follow proper procedure in that they
24 refused Plaintiff's request for paper work to file a request for medical treatment following a
25 severe spider bite. Plaintiff alleges that his leg was obviously infected, yet the Defendants
26 still refused to provide Plaintiff with the medical request forms. Four days later, after
27 Plaintiff could no longer walk as a result of the spider bite, Plaintiff was taken to medical
28 where the physician informed him that he should have come to medical right away.

These allegations adequately state a claim, and the Court will require an answer to the Complaint.

*2. Dismissal*

**a. Arizona Department of Corrections**

Plaintiff sues the Arizona Department of Corrections. Under the Eleventh Amendment to the Constitution of the United States, a state or its agencies may not be sued in federal court without its consent. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Arizona and its arms, such as the Arizona Department of Corrections, also cannot be "persons" within the meaning of § 1983." Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the Arizona Department of Corrections will be dismissed.

**b. Alhambra Medical Staff**

To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not connected his claims to any of the medical staff at the Alhambra facility.

For a claim of inadequate medical treatment, a prisoner must allege acts or omissions sufficiently harmful to show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 102, 103-04 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's health. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Estelle, 429 U.S. at 106 and Whitley v. Albers, 475 U.S. 312, 319 (1986)). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837. Under this standard, prison officials are deliberately indifferent when they deny, delay or intentionally interfere with treatment. Lopez, 203 F.3d at 1131.

1 Plaintiff does not allege any facts to demonstrate that there was deliberate indifference to his
2 medical needs by medical staff personnel at the Alhambra facility.

3 More important, the "Medical Staff" is not a proper defendant. As stated, an inmate
4 claiming deliberate indifference must allege facts sufficient to indicate a culpable state of
5 mind on the part of the defendants. Wilson v. Seiter, 501 U.S. 294, 297 (1991). An
6 allegation that a group of defendants such as the "Medical Staff" violated Plaintiff's rights
7 is insufficient because there are no facts to show that any Defendant acted with deliberate
8 indifference. In addition, there are inherent difficulties in the fact that Plaintiff has not
9 identified specific persons by naming the "Medical Staff." Rule 10(a) of the Federal Rules
10 of Civil Procedure requires the plaintiff to include the names of the parties in the action. As
11 a practical matter, it is virtually impossible for the United States Marshal to serve a summons
12 and complaint upon unknown persons.

13 **D.    Rule 41 Cautionary Notice**

14 Plaintiff should take notice that if he fails to timely comply with every provision of
15 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
16 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
17 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
18 the Court).

19

20 **IT IS THEREFORE ORDERED that:**

21 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is
22 obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed no
23 initial partial filing fee.

24 (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
25 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of
26 the preceding month's income credited to Plaintiff's trust account and forwarding the
27 payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
28

TERMPSREF

- 4 -

accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the name and number assigned to this action.

(3) The following Defendants are dismissed without prejudice: Arizona Department of Corrections, Alhambra Medical Staff.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Quinterro, Garcia, and Flores.

(5)  Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(7)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the

summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any

1  motions for any other relief. Failure to file a Notice of Change of Address may result in the
2  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
3  of Civil Procedure.

4  (14) A clear, legible copy of every pleading or other document filed shall accompany
5  each original pleading or other document filed with the Clerk for use by the District Judge
6  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
7  may result in the pleading or document being stricken without further notice to Plaintiff.

8  (15)  This matter is referred to Magistrate Judge Jacqueline J. Marshall pursuant to
9  Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

10  DATED this 8th day of January, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 7 -